**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ANGELIA MARIE MOORE**                                                          **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:12CV269-DAS**

**MICHAEL J. ASTRUE**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of plaintiff's counsel for attorney's fees and expenses. The court has considered the plaintiff's motion, the defendant's response, the argument presented at the hearing on the motion, as well as evidence submitted to the court without objection after the hearing. The court finds as follows:

**1. LEGAL FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff's counsel has moved for an award of legal fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The defendant has opposed the motion as untimely. While the parties acknowledge the motion for attorney's fees and expenses under this statute must be filed within thirty days of the final judgment in this action, the parties disagree about what triggers the time limit in this action. This dispute arises because, in spite of the court entering its judgment on March 11, 2015 in the plaintiff's favor reversing the ALJ's decision and remanding this action, plaintiff's counsel waited more than a year – until after the conclusion of the post-remand administrative action and an award of benefits to his client – to file this EAJA application.

There are two paths under which a court may remand a case back to the Social Security Administration for further action under 42 U.S.C. § 405(g), which governs judicial review of that agency's decisions. The two types of remands are very different, with different consequences

for an EAJA fee petition. *Melkonyan v. Sullivan*, 501 U.S. 89, 102-103 (1991). A sentence four remand is an adjudication on the merits of the appeal and terminates the action in the courts, while in a sentence six remand, the court retains jurisdiction during the pendency of post-remand administrative proceedings. Determining which sentence controls the remand in the instant action determines whether the instant motion is timely.

The defendant argued that this court's remand was pursuant to sentence four and that the plaintiff had ninety days after entry of the March 2014 judgment to file for EAJA fees and expenses. Plaintiff's counsel argued that the court's remand was under sentence six because the judgment of this court on appeal did not result in an award of benefits. According to the plaintiff's attorney, the time for filing a petition for attorneys fees commenced only upon the award of benefits.[1]

The court looks first to the statute to determine the nature of the remand in this case. Sentence four of § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." This is by far the more commonly occurring type of Social Security remand. In the sentence four remands, the court makes a substantive decision on "the correctness of the administrative decision." *Faucher v. Sec. of Health and Human Services*, 17 F.3d 171,174 (6th Cir. 1994). The judgment closes the case and divests the court of jurisdiction. *Shalala v. Schaefer,* 509 U.S. 292, 297-98 (1993). By entry of a judgment the court closes the case, and the plaintiff is the prevailing

---

[1] Pursuant to the holding in *Melkonyan,* 501 U.S. 89 (1991), if this is a sentence six remand, either the agency should have filed a supplemental record, since there was a less than completely favorable award or the plaintiff should have applied to this court for the entry of a final judgment. Only on the entry of a final judgment would the time for an EAJA application begin to run.

party. If other conditions are met, the plaintiff is then entitled to an award of EAJA fees, whether or not there is ever an ultimate finding of entitlement to benefits. *Id.* at 299.

The second type of remand arises under sentence six of 42 U.S.C. § 405(g) which provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

With sentence six remands, the court retains jurisdiction during the remand and the remand order is thus not a final order or judgment but an unappealable, interlocutory order. These remands do not involve findings of error by the agency.

Sentence six remands are limited to two circumstances. First the court may remand a case on a pre-answer motion by the Social Security Administration. These motions typically address some problem with producing a complete administrative record for appellate review. On rare occasions entire case records are lost. More frequently tapes of administrative hearings are lost, or portions may be too unintelligible for transcription. On occasion other parts of the record are missing. Thus the court must allow the agency to correct flaws in the record with further administrative proceedings. As a matter of common sense, this type of remand is not a

victory for a plaintiff.  They have not prevailed on the merits against the defendant, but rather the appeal cannot proceed because there is no adequate record.

The other type of sentence six remand occurs only when two conditions concur.  First, the court must be shown new and material evidence on appeal that is *not* included in the administrative record.  The new evidence is only material if the court finds that the agency, given the opportunity to review the new evidence, might well alter its decision.  *Melkonyan*, 501 U.S. at 98. The statute requires a showing of good cause for failing to make this new, material evidence a part of the administrative record before the court can issue this sentence six remand. In this circumstance the court allows the agency to review the new evidence and to reconsider its findings in light of the new evidence, taking up the appeal later if  necessary.  Again, this type or remand does not find agency error, nor does it make the appealing claimant a prevailing party on the merits of the appeal.  Rather this type of remand allows for the completion of administrative proceedings prior to any appellate review.

After completion of the post-remand proceedings under sentence six, if there is a less than fully favorable decision, the Social Security Administration is required to file a supplemental administrative record with the federal court, which can then proceed with the appeal.  If there is a favorable ruling, the plaintiff may apply to the court for entry of a judgment. With the entry of the judgment in federal court, the plaintiff is then recognized as the party that prevailed on the sentence six remand and the time for filing an EAJA petition commences. *Melkonyan,* 501 U.S. at 103 (1991).

In this case the court finds that it clearly remanded this action under sentence four of 42 U.S.C. § 405(g).  The court found the ALJ erred when he refused to allow any additional time

for the submission of missing medical evidence. The court also found the ALJ erred when he interfered with counsel's attempt to develop his client's testimony. The ALJ, in effect, refused to allow the plaintiff to develop the record, a ruling closely analogous to finding error when an ALJ fails to properly develop the record, which is a sentence four remand. *Ingram v. Commissioner of Social Security Adm.,* 496 F.3d 1253 (11th Cir. 2011).

The court appreciates the potential problems for plaintiff's counsel if there is ambiguity about whether a remand is under sentence four or sentence six, but can find no ambiguity in this case. There was no pre-answer motion to remand under the sentence six. The plaintiff, while complaining about not being allowed to supplement the record after the hearing, did not present any new evidence to this court during the appellate review. Consequently, the court remanded this action under sentence four. Courts are required to enter a judgment to conclude sentence four remands. *Melkonyan,* 501 U.S. 101-102. This court entered just such a judgment in the plaintiff's favor. As to the argument that the plaintiff cannot be considered a prevailing party unless and until there is an award of benefits, the U.S. Supreme Court rejected precisely that argument in *Schaefer*, 509 U.S. at 300.

The court finds that the application for legal fees under EAJA was not filed within the time limit set out in the statute. The application had to be filed "within thirty days of final judgment in the action...." 24 U.S.C. § 2412 (d)(1(b). As the Social Security Administration has urged, plaintiff's counsel had a total of ninety days from the entry of the judgment in which to file his application for EAJA fees and this motion was not filed for more than a year after the entry of judgment. Having failed to file within the prescribed time limits the court must deny the motion for EAJA fees and expenses. *Schaefer*, 509 U.S. at 303.

5

## 2. LEGAL FEES UNDER 42 U.S.C. § 406(b)

Plaintiff's counsel amended his motion at the hearing to claim he is seeking legal fees under 42 U.S.C. § 406(b). There are two potential sources of attorney's fees set forth within the Social Security Act. An attorney can receive compensation under 42 U.S.C § 406(a) for services rendered on behalf of a claimant before the Social Security Administration. The agency determines a reasonable fee subject to the statutory cap of twenty-five percent of a claimant's back due benefits. An attorney can also receive attorneys fees under the Social Security Act for representation of a claimant before the federal courts. This fee is also capped at twenty-five percent of the back benefits due a claimant under 42 U.S.C. § 406 (b). While there is some difference of opinion between the circuits, in the Fifth Circuit Court of Appeals, the claims for attorney's fees for administrative and court work are subject to an aggregate cap of twenty-five percent of the total back benefits award. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Furthermore, to prevent double recoveries by attorneys, any EAJA attorneys fees awarded must be offset against any § 406(b) fee award. A claimant's attorney may either reduce a
§ 406(b) claim by the amount of EAJA fees, or may receive both fees, but must then refund the smaller of the two fees to the plaintiff. *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 2173 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.").

After the hearing, at the request of the court, plaintiff's counsel submitted both a notice of award to his client and a letter to counsel dated December 27, 2015. These documents are attached to this order as Exhibit 1.[2] According to the Administration's letter to counsel, it retains $1,064.00, representing the balance of the twenty-five percent it withheld from the claimant's past due benefits. The letter states it has already paid plaintiff's counsel $ 10,000.00 for legal services before the agency, less the normal user fee. Plaintiff's counsel now seeks payment of the $ 1,064.00 balance for his work before this court under § 406(b).

Counsel has submitted an itemization of time and expenses to the court and requests the balance of the withheld funds as his fee. The defendant concedes this small sum would be a reasonable fee for counsel's representation of the plaintiff before the federal courts. The court concurs that this small fee is not only a reasonable fee request, but requests significantly less than a reasonable hourly rate for work performed despite the problems that are manifest with the itemizations provided.[3] Nevertheless, because the amount sought is so small and because this

---

[2] While there may be some explanation not provided to the court, the court has compared the Notice of Award with the Letter to Counsel, and notes a discrepancy. According to the Notice of Award, a total of $ 9,709.00 was withheld from the claimant's past due benefits, representing 25% of the total, yet the letter to counsel notes that he has already been paid $ 10,000.00 dollars in fees. The court trusts that the parties will correct any error that may have occurred in the payment of fees for administrative level legal services.

[3] A review of the itemization makes it appear as if it is not based on contemporaneous time records and is therefore subject to the vagaries of memory. The itemizations of time are listed only by month and year, rather than by specific dates or even ranges of dates. Additionally, all but two time entries are in hour and half-hour increments, with the two exceptions being claims for fifteen minutes each. Time records should reflect the actual time spent on specific tasks and time should be billed in increments in tenths of an hour. *Hunt v. Social Security Administration*, 3:12cv25 (N.D. Miss. April 1, 2013).
    The time and expense records also appear inaccurate. Counsel claims five hours for travel and oral argument, plus mileage to and from Oxford, Mississippi. The argument was actually held in Aberdeen, Mississippi. Finally as a caution to all counsel about the perils of failing to keep contemporaneous time records, the court notes a claim for four hours for the brief filed in this action. The court has no doubt that counsel was not able to perform the needed record review, research, drafting and

district does not yet have a definitive set of rules for attorneys who apply for fees under § 406(b), and because the Commissioner concedes the amount sought here is reasonable, the court will grant the motion for fees filed pursuant to § 406(b).[4]

**IT IS, THEREFORE, ORDERED** that the motion for attorney's fees and expenses is hereby granted in part and denied in part. The motion for attorney's fees filed pursuant to the EAJA is denied, and the motion for attorney's fees filed pursuant to 42 U.S.C. § 406(b) is granted. Plaintiff's counsel is entitled to $1,064.00.

**SO ORDERED** this the 26th day of April, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

revision within such a short time. The court suspects that accurate time records would likely have yielded a higher total than the 20.5 hours claimed for court work.

[4]The court notes it has serious hesitation about granting any claim for attorney's fees under §406(b) when counsel fails to timely pursue and obtain an award of EAJA fees. Had a timely application for EAJA fees been made, the court would have undoubtedly awarded attorney's fees to the counsel for the federal court representation – fees substantially in excess of the small amount now available. The offset provision of the EAJA may mean that the total fees collected by an attorney will not, in many cases, differ whether collected under EAJA or § 406(b). But the client has a very real interest in having EAJA fees pursued first. The award of EAJA fees can preserve thousands of dollars of benefits for the attorney's client.
　　While the court has found no Fifth Circuit cases addressing whether counsel must apply for EAJA fees as a prerequisite to receiving § 406(b) fees, some courts have found just such a duty and have reduced or denied § 406(b) fees where counsel has failed, without justification, to seek payment of attorneys fees first under EAJA. *Knagge v. Sullivan*, 735 F. Supp. 411, 414 (M.D. Fla. 1990) (Counsel has "both statutory and ethical obligations to investigate the propriety of an application for a fee award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), before receiving approval of a fee award to be deducted from the plaintiff's past-due benefits); *Taylor v. Heckler*, 608 F. Supp. 1255 (D.N.J. 1985) . Because counsel in the present action believed the court remanded the matter pursuant to sentence six and because the amount sought is so small, the court will not deny the motion on this ground.